# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America ) | |
| ex rel. EDWARD LOPEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 05 C 0927 |
| ) | Judge Joan H. Lefkow |
| ALAN UCHTMAN ) | |
| Warden, ) | |
| Menard Correctional Center, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

On September 28, 2006, this court entered a Memorandum Opinion and Order denying the petition of Edward Lopez ("Lopez") for a writ of habeas corpus. Before the court is Lopez's motion for a certificate of appealability ("COA") under 28 U.S.C. § 2253(c)(2). He also seeks appointment of counsel and leave to appeal in forma pauperis ("IFP"). For the reasons stated below, Lopez's motion for certificate of appealability is denied, his motion for appointment of counsel is denied and his motion for leave to appeal IFP is granted.

### A.  Certificate of Appealability

Lopez raised eight claims for relief in his habeas petition: (1) his Sixth Amendment right to confrontation was denied when the trial court restricted his cross-examination of Sergeant McNaughton; (2) his Fifth, Sixth, and Fourteenth Amendment rights to a fair trial were violated when the prosecution misrepresented the evidence during rebuttal argument; (3) his trial counsel ineffectively assisted him due to his trial counsel's failure to (a) impeach a prosecution

eyewitness with a prior inconsistent statement; (b) interview, investigate and subpoena Hernandez and Ortega; and (c) move to suppress the pre-trial and in-court identification of him; (4) the cumulative effect of his trial counsel's errors deprived him of his right to a fair trial; (5) his appellate counsel ineffectively assisted him by (a) failing to argue that his trial counsel was ineffective for the above-stated errors or omissions; and (b) arguing that his sentence should be vacated for resentencing; (6) his consecutive sentences violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); (7) the trial court erred by admitting into evidence photographs of the crime scene and of the body of one of the victims; and (8) the trial court erroneously sentenced him to consecutive sentences based on its finding that one of the victims suffered severe bodily injury, even though that victim did not suffer severe injury. The court denied claims 2, 3(a), 3(c), 4, 5(b), and 7 as procedurally defaulted and claim 8 as non-cognizable. The court reached the merits of the remaining claims, but held that none was sufficient to warrant granting Lopez's requested relief.

Under 28 U.S.C. § 2253, a habeas petitioner does not have an "absolute entitlement" to appeal a district court's denial of his petition; rather, he must first request a COA from a circuit justice or district judge. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). With respect to claims of constitutional violations denied on their merits, a habeas petitioner is entitled to a COA only if he can make a substantial showing of the denial of a constitutional right. *See id.* To make a substantial showing the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146

L. Ed. 2d 542 (2000) (quoting *Barefoot* v. *Estelle*, 463 U.S. 880, 893 n. 4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). The COA requirement is a threshold issue and a determination of whether one should issue neither requires nor permits full consideration of the factual and legal merits of the claims. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 335-36. As to any claims found to be procedurally defaulted, a petitioner must demonstrate that jurists of reason would find it debatable (1) whether the petition stated a valid claim of the denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

In his present petition, Lopez makes no effort to show why the court's rulings were debatable or wrong. Instead, Lopez merely identifies sixteen issues he wishes to appeal. Despite his failure to attempt to demonstrate how the denial of his requested relief meets the applicable requirements for issuance of a COA, the court independently considers whether a COA should issue on any of Lopez's claims.

Starting with Lopez's challenges to this court's ruling that claims 2, 3(a), 3(c), 4, 5(b), and 7 were procedurally defaulted, the court can find no reason why reasonable jurists would debate much less disagree with this court's rulings. Lopez did not dispute that he failed to raise the various claims either on direct appeal or post-conviction review. Instead, Lopez attempted to show cause and prejudice for his failure to present the claims at every level of the Illinois courts by arguing that ineffective assistance of counsel excused his default. Lopez failed to raise each of the defaulted claims in one or more of his post-conviction hearings. Since there is no right to effective assistance of counsel in post-conviction hearings, *see Coleman* v. *Thompson*, 501 U.S. 722, 756-57, 111 S. Ct. 2546, 2568, 115 L. Ed. 2d 640 (1991), any attorney error that led to the

3

default of his claims in state court cannot constitute cause to excuse the default in federal habeas. *Id. See also Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002).

Lopez also argued that the "fundamental miscarriage of justice" exception applied to excuse his default. But as the court noted in denying his habeas petition, that exception applies only to situations where the constitutional violation has probably resulted in the conviction of someone who is actually innocent. Since Lopez could point to no exculpating evidence and in light of the virtually uncontroverted testimony of three eyewitnesses to his involvement in the charged crime, there was no basis to find that but for the alleged error, no reasonable juror would have convicted him. After again reviewing the evidence presented against Lopez at trial, as well as his filings in relation to his habeas petition, the court is convinced that no reasonable jurist could find that Lopez's unsubstantiated allegations of actual innocence were sufficient to warrant application of the fundamental miscarriage of justice exception. Accordingly, no COA will issue on these claims.

Lopez's request for a COA on his claim that the Illinois trial court erred in imposing consecutive sentences based on its finding that one of the victims suffered "severe bodily injury" is also denied. As the court explained in denying Lopez's habeas petition, this claim is purely a matter of state law, as it alleges that the Illinois trial court incorrectly applied Illinois statute 730 ILCS 5/5-8-4(a)(i), which authorizes state trial courts to impose consecutive sentences on a defendant convicted of multiple crimes if the court finds that the defendant inflicted serious bodily injury during the commission of a serious felony. Since federal habeas relief is unavailable to remedy errors of state law, the court concluded that Lopez's claim is non-cognizable. That conclusion is not debatable among reasonable jurists. *See Estelle v. McGuire*,

4

502 U.S. 62, 67-8, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Accordingly, that ruling does not require a COA.

No COA is warranted for any of Lopez's claims denied on their merits. Lopez first claimed that the Illinois Appellate Court unreasonably applied clearly established Supreme Court precedent in rejecting his claim that the trial court violated his Sixth Amendment right to confrontation when it limited his cross-examination of Sergeant McNaughton regarding the statement of Jose Ortega. The court agreed, finding that Ortega's statement to Sergeant McNaughton, though hearsay, was sufficiently reliable to warrant admission into evidence pursuant to *Chambers v. Mississippi*, 410 U.S. 284, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973). Relying on *Gooch v. McVicar*, 953 F.Supp. 1001, 1007 (7th Cir. 1997), the court then explained, however, that the exclusion of Ortega's statement did not constitute a due process violation because it was not "critical" to Lopez's defense. The court summarized the evidence against Lopez as follows:

> "Two eyewitnesses personally familiar with Lopez identified him on the night of the murder as one of the shooters. A third eyewitness, Dreptu, identified Lopez in a photo array three days after the shooting. And following Lopez's arrest, Luciano and Dreptu identified Lopez in a live line-up. All three witnesses provided consistent and identical accounts of the events leading up to and including the shooting, excluding variations on minor details. No physical evidence directly linked Lopez to the crime, but in light of the virtually uncontroverted testimony of these three eyewitnesses, none was needed to establish Lopez's guilt."

The court remains persuaded that that evidence overwhelming establishes Lopez's guilt. Even if Ortega's statement had been admitted, it would have hardly cast doubt on the testimony of three eyewitnesses who identified Lopez and not Ortega as one of the shooters, particularly since there is no other evidence linking Ortega to the murder. Accordingly, no COA will issue on this claim.

5

Lopez next claimed that he received ineffective assistance of counsel because his trial attorney failed to interview, investigate and subpoena Jose Ortega and Saul Hernandez. After noting that the Illinois Appellate Court correctly identified the standard relevant to failure to investigate claims, the court found reasonable the Illinois Appellate Court's determination that investigating and interviewing Hernandez and Ortega would have been futile because both men would have been hostile to Lopez's claim and with respect to Ortega, no evidence linked him to the murder. In light of the overwhelming evidence of Lopez's guilt, as well as the substantial deference given to Lopez's counsel's decisions, the court is satisfied that its evaluation of the reasonableness of the Illinois Appellate Court's assessment of Lopez's counsel's conduct is not debatable among reasonable jurists. Accordingly, Lopez's request for a COA on this claim is denied.

For the same reasons, no COA will issue on Lopez's claim of ineffective assistance of appellate counsel. Lopez argued that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective for failing to interview and investigate Hernandez and Ortega. Since the court has already found that its decision finding the Illinois Appellate Court's assessment of Lopez's trial counsel's conduct is not debatable among reasonable jurists, there is no basis to issue a COA on Lopez's claim that his appellate counsel was ineffective for failing to raise this meritless claim.

Finally, Lopez claimed that the trial court's imposition of consecutive sentences, imposed after a judge found that he had inflicted serious bodily harm during the commission of a serious felony, violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The court rejected the argument, finding that since his total sentence was within the

combined statutory maximum sentence for the two charges on which he had been convicted, *Apprendi* was not implicated. *See United States v. Parolin*, 239 F.3d 922, 929-30 (7th Cir. 2001) (when the combined sentence on a multiple-count charge does not exceed the combined maximum for each count, *Apprendi* has not been violated). The court's finding is not debatable among reasonable jurists. Accordingly, no COA will be granted on this claim.[1]

**B.     Appointment of Counsel**

Lopez asks this court to appoint him counsel for his appeal. Civil litigants have no constitutional or statutory right in federal court to appointed counsel. *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). This rule applies even when the litigant seeks to collaterally challenge a criminal conviction in a habeas proceeding. *See Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996). Pursuant to 28 U.S.C. § 1915(e)(1), however, a district court "may request an attorney to represent any person unable to afford counsel." The decision as to whether counsel should be appointed is within the sound discretion of the district court, and questions to be asked in making the decision include "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Zarnes*, 64 F.3d at 288 (brackets in original) (quoting *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

The record indicates that Lopez is capable of handling his case without the assistance of an attorney. He has been able to adequately state the issues he believes warrant his requested relief in both his habeas petition and his certificate of appealability. Moreover, the issues

---

[1] In his present petition, Lopez identifies nine other claims - claims eight through sixteen - that he would like to appeal. These claims, however, are merely restatements of the claims addressed above. Accordingly, a COA is not warranted for these claims either.

7

presented in Lopez's habeas petition do not appear to require particularly complex or detailed legal research. Finally, the court is not convinced that the presence of counsel would make a difference in the outcome of this case. Accordingly, Lopez's motion for appointment of counsel will be denied.

## C. IFP Status

Lopez also seeks leave to proceed *in forma pauperis* ("IFP") on appeal. To determine whether Lopez should proceed IFP, this court must determine whether he is taking his appeal in good faith. *See* 28 U.S.C. § 1915(a)(3). In order for an appeal to be in good faith, the court must find that a reasonable person could suppose the appeal has some merit. *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). The court is satisfied that Lopez's appeal is taken in good faith and that a reasonable person could suppose some merit in his appeal. Accordingly, Lopez's motion for leave to proceed IFP is granted.

## CONCLUSION

For the reasons stated above, Lopez's motion for a certificate of appealability [#26] is denied, his motion for appointment of counsel [#28 ] is denied and his motion for leave to appeal *in forma pauperis* [#27] is granted.

Date: January 24, 2007            Enter: _____
                                         JOAN HUMPHREY LEFKOW
                                         United States District Judge